

KARLINSKY LLC
COUNSELLORS AND LITIGATORS

103 MOUNTAIN ROAD
CORNWALL-ON-HUDSON, NY 12520

MARTIN E. KARLINSKY
FOUNDER AND SOLE MEMBER
646.437.1430 / 917.623.9102 CELL
MARTIN.KARLINSKY@KARLINSKYLLC.COM
WWW.KARLINSKYLLC.COM

September 22, 2021

# MEMO ENDORSED

**VIA ECF**

Jonathan M. Kozak, Esq.
Jackson Lewis P.C.
44 South Broadway, 14th Floor
White Plains, NY 10601

*Re:* *Amable, et al. v. The New School*, 20-Civ-03811 (KMK), United States District Court, Southern District of New York (White Plains Division) (the "Amable Action")

*Aubrey, et al. v. The New School*, 21-Civ-04915 (KMK), United States District Court, Southern District of New York (White Plains Division) (the "Aubrey Action")

Dear Mr. Kozak:

As counsel to the plaintiffs in the Aubrey Action, and in accordance with the Court's individual practices, we are writing in response to your pre-motion letter dated September 14, 2021 (ECF 22). As you know, our complaint sets forth claims for breach of implied contract and for unjust enrichment. Plaintiffs bring the case on behalf of a class consisting of students enrolled in the Parsons School of Design, one of the schools comprising defendant, The New School University, in spring 2020 and at other times when, in response to the COVID-19 pandemic, defendant restricted access to its campus and effectively discontinued instruction and training in fine arts and design. Preliminarily, we agree generally with your restatement of governing contract law, but we conclusively reject your contention that we have not pleaded sufficiently a plausible contract claim based on a failure, among other things, to identify a "specific promise" for in-person learning. We wish to make several points in response to your letter.

*First*, it is by now well settled under New York law that an educational institution may be sued for breach of implied contract. New York courts have consistently held that such a contract exists between a student and the institution in which he or she enrolls. "Under New York law, an implied contract is formed when a university accepts a student for enrollment: if the student complies with the terms prescribed by the university and completes the required courses, the university must award him a degree." *Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 93 (2d Cir. 2011) (citing *Carr v. St. John's Univ.*, 17 A.D.2d 632, 633, 231 N.Y.S.2d 410, 413 (2d Dep't 1962), *aff'd*, 12 N.Y.2d 802, 235 N.Y.S.2d 834 (1962)).

Case 7:21-cv-04915-KMK   Document 23   Filed 09/22/21   Page 2 of 5
Case 7:21-cv-04915-KMK   Document 24   Filed 09/23/21   Page 2 of 5

Jonathan M. Kozak, Esq.
September 22, 2021
Page 2

"'[T]to make out an implied contract claim" against a university, 'a student must identify specific language in the school's bulletins, circulars, catalogues and handbooks which establishes the particular "contractual" right or obligation alleged by the student.'" *In re Columbia Tuition Refund Action*, No. 20 Civ. 3208 (JMF), 2021 WL 790638, at *2 (S.D.N.Y. Feb. 26, 2021) (Furman, J.) (hereinafter "*In re Columbia*") (quoting *Keefe v. N.Y. Law Sch.*, 25 Misc. 3d 1228(A), 906 N.Y.S.2d 773 (Sup. Ct. N.Y. Cty. 2009) (unpublished table decision), *aff'd*, 71 A.D.3d 569, 897 N.Y.S.2d 94 (1st Dep't 2010)).[1] *See also Jeffers v. Am. Univ. of Antigua*, 125 A.D.3d 440, 441-42, 3 N.Y.S.3d 335, 337-38 (1st Dep't 2015); *Novio v. N.Y. Academy of Art*, 317 F.Supp.3d 803, 810 (S.D.N.Y. 2018). "The interpretation of a university's catalogue, like the interpretation of any contract, is a matter of law for the Court." *Deen v. New Sch. Univ.*, No. 05 Civ. 7174 (KMW), 2007 WL 1032295, at *2 (S.D.N.Y. Mar. 27, 2007 (Wood, J.) (citing *Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, London*, 136 F.3d 82, 86 (2d Cir. 1998)).

Of course, "contract principles . . . do not 'provide judicial recourse for every disgruntled student.'" *Hassan v. Fordham Univ.*, No. 20 Civ. 3265 (KMW), 2021 WL 293255, at *4 (S.D.N.Y. Jan. 28, 2021) (Wood, J.) (quoting *Gally v. Columbia Univ.*, 22 F.Supp.2d 199, 207 (S.D.N.Y. 1998)). "'[O]nly specific promises ... in a school's bulletins, circulars, and handbooks, which are material to the student's relationship with the school' are enforceable." *Ford v. Rensselaer Polytechnic Inst.*, No. 20 Civ. 470, 2020 WL 7389155, at *3 (N.D.N.Y. Dec. 16, 2020) (quoting *Keefe*, 897 N.Y.S.2d at 95) (alteration in the original). "General policy statements" and "broad and unspecified procedures and guidelines" will not suffice. *Nungesser v. Columbia Univ.*, 169 F.Supp.3d 353, 370 (S.D.N.Y. 2016) (quoting *Ward v. N.Y. Univ.*, No. 99 Civ. 8733 (RCC), 2000 WL 1448641, at *4 (S.D.N.Y. Sept. 28, 2000)).

Applying these standards in his recent decision in *In re Columbia*, Judge Furman wrote that, "courts have upheld contract claims based on unfulfilled promises to provide, for example, 'state-of-the-art facilities, faculty tutor-advisors, appropriate recognition upon completion of the program, overviews of the latest techniques, program activities from 9:00 A.M. to 4:00 P.M. every day, and membership in the [American Association of Orthodontics],'" *In re Columbia*, at

---

[1] As you undoubtedly know, *In re Columbia* is not the only case against Columbia University pending in the Southern District of New York. In the other case, *Brittain v. Trustees of Columbia University in the City of New York*, where we also represent plaintiffs arts students, Judge Castel recently *denied* Columbia's motion to dismiss beach of implied contract claims. As set forth below, Judge Castel also rejected Columbia's impossibility defense as well as its contention that the contract claim was a disguised claim for educational malpractice that New York law does not countenance, and its equally incorrect contention that New York law requires a plaintiff to allege and prove "bad faith" to prevail on an implied contract claim in the educational context. *See Brittain v. Trustees of Columbia University in the City of New York*, , No. 20-Civ.-09194 (PKC), 2021 WL 3539664 20-Civ.-09194 (PKC)(S.D.N.Y August 11, 2021) (Castel, J.).

**KARLINSKY** LLC

Jonathan M. Kozak, Esq.
September 22, 2021
Page 3

\*3 (citing *Ansari,* 1997 WL 257473, at \*3). Equally, a specific promise to "'detect learning deficiencies and [provide] . . . the necessary tutorial and guidance service'" to do so stated a claim. *Id.* (quoting *Vill. Cmty. Sch. v. Adler*, 124 Misc.2d 817, 819, 478 N.Y.S.2d 546, 548 (N.Y. Civ. Ct. 1984)).

*Second*, contrary to your contentions, our complaint enumerates myriad "specific promises" that students in the fine and design arts at Parsons—including visual arts, sound art, art fabrication, film, photography, etc.—would be provided a studio-based, in-person, hands-on arts education with access to the facilities and equipment that are central to such an education. Indeed, those promises were the very core of the educational contract that The New School made with plaintiffs and with students in the class they represent. In this same connection, you contend that The New School's explicit promises were nothing more than mere "non-actionable statements of 'opinion or puffery,'" (citing *Morales v. New York Univ.*, 2021 WL 1026165, at \*3 (S.D.N.Y Mar, 17, 2021) (Daniels, J.)). We imagine that students enrolled at Parsons would be rather surprised to learn that their university did not take seriously the statements they made to induce them to spend (and borrow or beg) substantial sums of money for tuition and fees.

*Third*, you note that we have "cop[ied] a variety of purported quotes from [The New School's] website and literature," but that we have not "provide[d] specific citations or links to any of the quoted content." (ECF 22 at 2) Put simply, we know of no pleading standard that requires this, and doubt that any such standard exists. While Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it emphatically does not require "specific citations or links" to evidence. That burden awaits summary judgment or trial.[2]

*Fourth*, your contention that The New School's reservation of the "right" to "change without notice any content in its print or online materials" is tantamount to a claim that this university reserves the right to repudiate a contract already made with impunity. (ECF 22 at 2) Again, we hazard to say that that claim would come as a great surprise to students and parents and faculty alike. It is nothing less than astonishing, and a declaration that this university seeks to stand above the law. (And that leaves aside the fact that it is by no means clear that the language you quote (*id.*) supports your contention.)

*Fifth*, to suggest as you do that "[p]laintiffs do not allege any quantifiable damage resulting from [The New School's] alleged breach" of its contract to provide in-person learning in the fine arts and design is mere wishful thinking. (ECF 22 at 3) You simply ignore the thrust of the complaint, which very plainly alleges that plaintiffs (and the class) paid for something that was

---

[2] Nor do you explain how, on a motion to dismiss under Rule 12(b)(6), you expect the Court to evaluate your claim that the complaint cites to or quotes from The New School's website as it exists currently, rather than to or from the content it contained pre-pandemic. Of course, the Court on such a motion must accept as true the well-pleaded factual allegations of the complaint and the documents referenced in it, and cannot conduct an evidentiary inquiry into that contention.

KARLINSKY LLC

Jonathan M. Kozak, Esq.
September 22, 2021
Page 4

not provided to them. Contrary to your claim, plaintiffs' damages are neither "speculative," nor merely "possible," nor "imaginary." (*Id.*) They are real and manifest (and are continuing).

*Sixth*, you argue that the doctrine of impossibility excuses the university's breaches of duty. (ECF 22 at 3) But the applicability of that doctrine to excuse contract breaches arising from the COVID-19 pandemic has been roundly rejected by courts that have considered it, including courts in the Southern District. *See, e.g., Brittain v. Trustees of Columbia University in the City of New York*, No. 20-Civ.-09194 (PKC), 2021 WL 3539664 (S.D.N.Y August 11, 2021) (Castel, J.).

*Seventh*, you assert that "even *if* (emphasis in original) [The New School] breached some contractual obligation to provide in-person, on-campus classes, . . . Plaintiffs waived any such claim" because "upon information and belief," they continued to be enrolled and to attend classes remotely. (ECF 22 at 4) For this proposition, you cite *Emerson Elec. Co. v. Asset Mgmt. Assocs. of New York, Inc.*, No. 08-CV-1489 TCP AKT, 2012 WL 976051, at *7 (E.D.N.Y. Mar. 20, 2012) (citing *New York Tel. Co. v. Jamestown Tel. Corp.*, 282 N.Y. 365, 26 N.E.2d 295, 297–98 (N.Y.1940) ("Acceptance of benefit under the contract with knowledge of the wrong constitutes a waiver of the wrong.")). While this is a correct statement of a general contract law principle, it is inapposite to a case in which university students have paid substantial tuition and fees, yet did not receive what they were promised. The New School characterizes its shift to on-line education and the school credits received therefor as a "benefit" that students paid for and received. To the contrary, plaintiffs had a single unpalatable choice to make: continue to remain enrolled, get what little benefit (if any) that on-line education conferred, and continue to pay tuition and fees, or drop out and lose whatever value The New School's education had theretofore conferred as well as the substantial fees and tuition already paid. Less than a Hobson's choice.

*Finally*, while you cite to numerous cases where courts have rejected tuition and fee refund claims arising from the COVID-19 pandemic, you fail to point out to the Court the several SDNY cases that have now sustained such claims against Rule 12(b)(6) motions. In particular, the *Brittain* case cited above, as well as *Goldberg v. Pace University*, No. 20 Civ. 3665 (PAE), 2021 WL 1565352 (S.D.N.Y. Apr. 21, 2021) (Engelmayer, J), and *Flatscher v. The Manhattan School of Music*, No. 20 Civ. 4496 (KPF), 2021 WL 3077500 (S.D.N.Y. Jul. 20, 2021) (Failla, J.). *Brittain* concerns graduate students at the Columbia University School of the Arts; *Goldberg* the theater program at Pace University; and *Flatscher* The Manhattan School of Music. The three bear a striking resemblance to this case, which of course also concerns students in the fine and design arts. Especially read together, these three cases make it plain that any motion by The New School to challenge the adequacy of the complaint in this action will fail.

KARLINSKY LLC

Jonathan M. Kozak, Esq.
September 22, 2021
Page 5

As the Court's rules require, we advise you that we stand on our complaint as drafted and filed and do not intend to amend it.

                                Very Truly Yours,

                                Martin E. Karlinsky

MEK/ks

cc:    Hon. Kenneth M. Karas (via ECF)
        United States District Judge

        Philip A. Fraietta, Esq. (via ECF)
        Attorney for Plaintiffs in the Amable Action

*[Handwritten annotation:]* The Court will hold a pre-motion conference via telephone on October 19, 2021 at 10:30 AM

SO ORDERED
KENNETH M. KARAS U.S.D.J.
9/23/2021

KARLINSKY LLC